UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRACY Y. ALLEN,

          Plaintiff,

vs.                                      **COMPLAINT**

ROBERTO PADILLA,

          Defendant.
----------------------------------------x

    By and through her counsel, Michael H. Sussman, Esq., plaintiff complains of defendant as follows:

I. **PARTIES**

    1. Plaintiff is an African American woman who resides in the County of Orange, within this judicial district.

    2. Defendant Roberto Padilla is the former Superintendent of the Enlarged City School District of Newburgh and resides within this judicial district. He committed the actions and omissions complained of herein under color of state law.

II. **JURISDICTION**

    3. As plaintiff claims that defendant Padilla intentionally violated her right to equal protection of the law as guaranteed by the Fourteenth Amendment on the basis of her race, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331 and 1343(a)(3) & (4) and 42 U.S.C. secs. 1983 and 1988.

III. **STATEMENT OF FACTS**

    4. Plaintiff is a certified librarian.

1

5. Plaintiff worked successfully as Assistant Director of the Library at the Rensselaer Polytechnic Institute in Troy, New York, our nation's oldest technological research university, offering bachelor's, master's, and doctoral degrees, and at several other prestigious institutions.

6. In October 2000, plaintiff applied for the position of Director of the Newburgh Public Library.

7. Plaintiff had her first interview for the position in or about November 10, 2020.

8. Plaintiff was called back for a second interview and deemed one of two finalists for the position.

9. After the second, interview, defendant contacted plaintiff and discussed her resume with her.

10. Defendant then offered plaintiff the position of director of the library.

11. When plaintiff requested written confirmation of the oral offer, she was advised that the district never provides such written confirmation.

12. In reliance upon this offer, plaintiff resigned her position in Troy, New York and gave notice to her landlord.

13. Defendant told plaintiff that she needed to report for fingerprinting, and she arranged to do so and did so.

14. Several weeks later, after plaintiff had provided notice to her employer and landlord and went for this fingerprinting, Michael McLymore, the district's Assistant Director for Human Resources and then a subordinate of defendant Padilla, called plaintiff and advised that defendant Padilla was thinking of hiring plaintiff as co-director of the library.

15. Plaintiff indicated that she was not comfortable with this role and asked McLymore whether her reluctance was a deal breaker.

16. McLymore told plaintiff that her reluctance was not a deal breaker and that he merely wanted to know what she thought of the idea.

17. A few moments later, defendant called plaintiff and stated that he had heard that plaintiff did not like his idea of a co-directorship.

18. Plaintiff explained why she did not think that this leadership structure would work in a library.

19. Padilla then told her that he was rescinding the job offer.

20. Plaintiff responded that prior to the offer and confirmation of the director's position, defendant had not told her of any co-directorship.

21. Plaintiff stated that if agreeing to the co-directorship was the only way she could retain the job, she would try to make the idea work.

22. Padilla responded, "Na, we are just rescinding it."

23. Padilla hired Mary Lou Carolan, a less qualified Caucasian, to serve as sole director of the library and she has continued in that role since.

24. The search committee had recommended plaintiff, not Carolan, for the position and staff at the library delivered two letters of no confidence in Carolan, including to Padilla before he rescinded his offer to plaintiff.

25. Between February 2008 and September 2018, Carolan had been associated with small libraries and served as Assistant Director of the Newburgh Free Library for about fourteen months before being selected to direct it.

26. When plaintiff shared the hardship Padilla had imposed upon her with McLymore, he told her, that in 30 years working for the district, he had never seen a job search done like this one.

27. African Americans are significantly under-represented in administrative positions in the Newburgh school district when compared with their population in the City of Newburgh, their representation in the relevant labor pool and their enrollment in the school district.

28. Defendant claims that he rejected plaintiff for employment and rescinded his offer of employment to her because she was unenthusiastic about a co-directorship.

29. However, this followed plaintiff being offered the position of library director without any discussion of a co-directorship during the application or interview process.

30. Neither Padilla nor McLymore ever explained to plaintiff any rationale for the proposed co-directorship or suggested any division of responsibility.

31. Defendant's alleged desire to appoint a co-director and not to select plaintiff because of her reluctance to accept this role was a pretext for his discriminatory refusal to follow the search committee's preference and appoint plaintiff to the directorship position.

32. After this adverse decision, plaintiff took a demotion and went to work at the Thrall Library in Middletown, where she is earning $23,000/year less than what she would have earned at the Newburgh Free Library; her pension will also be adversely affected by defendant's decision.

33. Plaintiff also experienced anxiety, mental distress and sadness related to the dashing of her aspiration of serving as Director of the Newburgh Free Library.

IV. **CAUSE OF ACTION**

34. Plaintiff repeats paras. 1-33 as if fully set forth herein.

35. By intentionally discriminating against plaintiff on account of her race and rescinding his offer of employment, defendant Padilla violated the Fourteenth Amendment to the United States Constitution as made actionable by and through 42 U.S.C. section 1983.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court accept jurisdiction over this matter, empanel a jury to hear and decide the matter, award compensatory and punitive damages to plaintiff and against defendant, order defendant to pay the reasonably incurred litigation costs plaintiff incurs, including attorneys' fees and costs and enter other order which the interests of justice and equity require.

Dated: November 8, 2022

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & ASSOCIATES
PO BOX 1005
GOSHEN NEW YORK 10924
(845)-294-3991

Counsel for Plaintiff Tracy Y. Allen