# HEERDE LAW PLLC

Matthew C. Heerde, Esq
mheerde@heerdelaw.com

48 Wall Street 31st Floor
New York, NY 10005
Tel: (347) 460-3588
Fax: (347) 535-3588

*Admitted to practice:
New York and California

June 22, 2023

**VIA ECF**

Honorable District Court Judge Cathy Seibel
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr. United States Courthouse
300 Quarropas St Courtroom 621
White Plains, NY 10601

    Re:    *Allen v. Padilla,* Docket No. 22-cv-09532
            **Request for pre-motion conference re: Motion to Dismiss**

Dear Judge Seibel:

    This firm represents defendant Dr. Roberto Padilla in the above-referenced action. We write to request a pre-motion conference in connection with Dr. Padilla's proposed motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

    Plaintiff's complaint alleges that in late 2020, Dr. Padilla—who was then the Superintendent of the Enlarged City School District of the City of Newburgh (the "**District**")—offered Plaintiff a position as director of the Newburgh Public Library (the "**Newburgh Library**") and then rescinded that offer because Plaintiff is African-American. Plaintiff thus asserts one cause of action against Dr. Padilla for violation of the Fourteenth Amendment to the United States Constitution as made actionable by 42 USC § 1983.[1]

    Plaintiff's complaint fails to plead sufficient facts that plausibly allege discriminatory intent, and the complaint should be dismissed. Plaintiff has done little more than allege in conclusory fashion the bare elements of her claim. Indeed, the facts alleged in Plaintiff's complaint *defeat* any plausible inference of discriminatory intent.

---

[1] If necessary, Dr. Padilla will show through discovery that Plaintiff's allegation he "offered" Plaintiff a job is completely false. Dr. Padilla had no authority to hire employees on behalf of the District, and could only make *recommendations* for hiring to the Newburgh Board of Education. If necessary, Dr. Padilla will show through discovery that he was not even employed by the District at the time the District decided to hire Ms. Carolan. And if necessary, Dr. Padilla will show through discovery that he had been *considering recommending* Plaintiff for hiring, but Plaintiff's conduct during the interview process caused him not to do so.

1. **The Complaint Itself Clearly Describes Dr. Padilla's Legitimate, Non-Discriminatory Basis for his Decision not to Recommend Plaintiff for Hiring.**

Plaintiff's complaint makes clear that during the interview process, she was resistant to Dr. Padilla's suggestions about the structure of the proposed role. Thus, the complaint itself demonstrates Dr. Padilla's legitimate non-discriminatory reason for not recommending Ms. Allen to the School Board for hiring, and renders implausible any inference of discrimination.

The complaint admits that when Dr. Padilla suggested the District might be interested in hiring two co-directors of the Newburgh Library, Plaintiff repeatedly resisted the idea. The complaint states that Plaintiff told Dr. Padilla's assistant Michael McLymore that "she was not comfortable with the role" that Dr. Padilla had proposed. ¶ 15. The complaint further describes Plaintiff's "reluctance" to Dr. Padilla's idea. ¶ 16. The complaint states that Dr. Padilla said he had been told Plaintiff "did not like his idea" of a co-directorship. ¶ 17. The complaint states that Plaintiff explained to Dr. Padilla that his idea "would not work in a library." ¶ 18. The complaint admits that Plaintiff protested the proposed idea, because "defendant had not told her of any co-directorship" previously. ¶ 20. The complaint states that Plaintiff asserted she could "try" to make the idea work. ¶ 21.

Thus, the complaint clearly describes Dr. Padilla's legitimate, non-discriminatory justification for Dr. Padilla's decision not to recommend plaintiff to the School District Board for hiring, namely, Plaintiff's rejection of and resistance to his ideas regarding management of the Newburgh Library and the proposed role for which candidates were being interviewed. Indeed, the complaint far more clearly describes this non-discriminatory justification for passing on Plaintiff's job application than any alleged discriminatory reason.

2. **The Complaint Fails to Allege That Defendant Favored a Less-qualified Job Applicant Outside Plaintiff's Protected Group.**

The complaint alleges that rather than hiring Plaintiff, Dr. Padilla hired Mary Lou Carolan, a Caucasian woman (again, though not at issue at this stage, Dr. Padilla had no authority to hire, and was not employed by the District when Ms. Carolan was hired as Director). The complaint alleges that Ms. Carolan was less-qualified than Plaintiff, and the complaint declares that that this is an indication of discriminatory intent. But the complaint makes clear that Ms. Carolan was in fact well-qualified for the position, arguably more qualified than Plaintiff. The complaint admits that Ms. Carolan had worked at libraries for 10 years, and at the time in question *had already been serving as the Assistant Director of the Newburgh Library itself for 14 months*. ¶ 25.

Thus, the complaint negates its own allegation that Carolan was "less-qualified." The complaint's admission that Carolan was already serving as assistant director of the Newburgh Library renders implausible the inference of racial animus behind favoring Carolan over Plaintiff. The complaint's vague allusions to an alleged search committee's purported recommendation and "letters of no confidence" do not save Plaintiff's claim. It is reasonable and expected that, in searching for candidates to serve as co-director or director of the Newburgh

Library, the District and Dr. Padilla would opt to hire a person who had already been serving for over a year as assistant director of this *very same Library*, and had an established career in library administration on top of that, as Plaintiff admits. The complaint's conclusory allegation that Carolan was "less-qualified" is negated by the actual, specific facts alleged. [2]

And of course, there is no allegation in the complaint that Ms. Carolan told Dr. Padilla that his ideas for hiring co-directors of the Newburgh Public Library "would not work," or that she "did not like" that idea," because that never happened. Of course, there is no allegation that Dr. Padilla or anyone else made reference to Plaintiff's ethnicity, because that never happened either. Thus, without any other alleged indication of discriminatory animus, it is not plausible to infer that race played a role in hiring the existing Assistant Director of the Newburgh Library for the Director position.

### 3. The Complaint Fails to Rase a Plausible Inference of Discriminatory Intent.

Plaintiff's burden at this stage is of course minimal, and the complaint "need only give plausible support to a minimal inference of discriminatory motivation." *Buon v. Spindler*, 65 F.4th 64, 83 (2d Cir. 2023)[3]; *Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015). But the complaint fails to reach this threshold. In *Buon*, plaintiff satisfied her burden by showing that defendants favored a "newly hired administrator who did not hold a school-based job." 65 F.4th at 83. In *Littlejohn,* the plaintiff satisfied this burden by showing in her complaint that the defendant was replaced by a less-qualified employee "who had no prior EEO experience." 795 F.3d at 304.

Here, in light of Plaintiff's admittedly vocal and repeated resistance to Dr. Padilla's ideas, and in light of Ms. Carolan's obvious qualifications for the position, favoring Ms. Carolan over Plaintiff in the hiring process does not raise a plausible inference of discrimination, and the complaint should be dismissed.

Accordingly, Dr. Padilla respectfully requests this Court set a pre-motion conference to discuss the adjudication of Dr. Padilla's proposed motion to dismiss as outlined above.

We thank the Court for its time and attention to this matter.

Sincerely,

/s/ Matthew C. Heerde

---

[2] If necessary, Dr. Padilla will show in discovery that Ms. Carolan had in fact been serving in the role of *interim Director* of the Newburgh Library at the relevant time, in existing Director Charles Thomas' absence, making Carolan still more qualified than Plaintiff.

[3] It is worth noting that Plaintiff's counsel Mr. Sussman represented plaintiff Buon in *Buon v. Spindler*, in which Dr. Padilla was also a defendant. After the Second Circuit's ruling on appeal, that case was discontinued in this District Court June 15, 2023.