HEERDE LAW PLLC
Matthew C. Heerde
New York, NY 10005
Tel: 347-460-3588
Fax: 347-535-3588
mheerde@heerdelaw.com
*Attorneys for defendant Roberto Padilla*

UNITED STATES DISTRICT COURT
SOUTHERN OF NEW YORK

TRACY ALLEN,

                *Plaintiff,*

    vs.

ROBERTO PADILLA,

                *Defendant.*

Case No. 7:22-cv-09523-CS

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................iii

INTRODUCTION ........................................................................................ 1

SUMMARY JUDGMENT STANDARD ............................................................... 3

BUT-FOR CAUSATION ON § 1983 EMPLOYMENT DISCRIMINATION CLAIMS .............. 3

STATEMENT OF FACTS ................................................................................ 6

ARGUMENT ............................................................................................. 6

I.   PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE OF
     DISCRIMINATION..................................................................................6

     A.   Plaintiff Cannot Establish Circumstances Giving Rise to an Inference of
          Discrimination, Because Carolan was Just as Qualified as Plaintiff. ..........6

     B.   The Same-Actor Defense Negates Any Inference of Discrimination. .......8

     C.   Plaintiff's Subjective Belief That she was More Qualified Than Carolan Does
          not Create an Inference of Discrimination. ...................................9

II.  DR. PADILLA HAS ESTABLISHED LEGITIMATE, NON-DISCRIMINATORY
     REASONS FOR NOT RECOMMENDING PLAINTIFF TO THE BOARD OF
     EDUCATION..........................................................................................10

     A.   Plaintiff was Vociferous About her Opposition to Dr. Padilla's Idea for Library
          Co-Directors, Whereas Ms. Carolan was Open to the Idea. ..................11

     B.   Plaintiff Told Dr. Padilla as well as Mr. McLymore That Plaintiff did not Want
          to Work Alongside the Existing Assistant Director, Mary Lou Carolan.............13

     C.   Dr. Padilla Simply Chose one of the two Candidates Whom The Committee
          had Recommended Equally. ...................................................13

     D.   Ms. Carolan had Established a Record of Success in her two Years as Assistant
          Director and as acting interim Director of the Newburgh Library............14

III. PLAINTIFF CANNOT SHOW THAT DR. PADILLA'S REASONS FOR NOT
     RECOMMENDING PLAINTIFF FOR HIRING WERE PRETEXTUAL..........................15

     A.   There is no Evidence that Plaintiff's Race or Ms. Carolan's Race was
          Mentioned During the Hiring Process. .......................................16

B.  Plaintiff nor the Court are not Permitted to Second-Guess Legitimate Executive Decision-Making. .......................................................................... 16

C.  Dr. Padilla's History of Diverse Hiring Recommendations Refutes Any Finding of Racial Animus. ........................................................................... 18

CONCLUSION ............................................................................................................... 19

# TABLE OF AUTHORITIES

Cases

*Adeniji v. New York*
   557 F. Supp. 3d 413 (S.D.N.Y. 2021) ................................................................. 18

*Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242, 256 (1986) ............................................................................ 3

*Antunes v. Putnam/N. Westchester Bd. of Co-op. Educ. Servs.*
   No. 09-CV-3063 CS, 2011 WL 1990872 (S.D.N.Y. May 19, 2011) ........................................ 5

*Bellis v. New York City Dep't of Educ.*
   No. 21-CV-3282 (JMF), 2024 WL 1177232, at *6 (S.D.N.Y. Mar. 19, 2024) ............... 3, 6, 16

*Byrnie v. Town of Cromwell Bd. Of Educ.*
   243 F.3d 93 (2d Cir. 2001) .......................................................................... 16

*Carlton v. Mystic Transp., Inc.*
   2020 F.3d 129 (2d Cir. 2000) ......................................................................... 8

*Chislett v. New York City Dep't of Educ.*
   No. 1:21-CV-09650 (JLR), 2024 WL 1118852 (S.D.N.Y. Mar. 14, 2024) ........................ 5, 15

*Coppin v. New York City Hous. Auth.*
   No. 14 CIV. 7032 (KPF), 2016 WL 3190253, at *8 (S.D.N.Y. June 7, 2016) ...................... 12

*Delaney v. Bank of Am. Corp.*
   766 F.3d 163 (2d Cir. 2014) ......................................................................... 17

*Findlay v. Reynolds Metals Co .*
   82 F.Supp.2d 27 (N.D.N.Y.2000) ..................................................................... 15

*Fischbach v. D.C. Dep't of Corr.*
   86 F.3d 1180 (D.C. Cir. 1996) ....................................................................... 19

*Gibbs v. Metro. Transp. Auth.*
   No. 13-CV-1583 ILG RER, 2014 WL 5842833 (E.D.N.Y. Nov. 12, 2014) .......................... 10

*Gladwin v. Pozzi*
   403 Fed. Appx. 603, 605 (2d. Cir. 2010) ............................................................. 4

*Grady v. Affiliated Cent., Inc.*
130 F.3d 553 (2d Cir. 1997) ................................................................. 8

*Gray v. New York State Elec. & Gas*
No. 02-CV-6214, 2004 WL 1570260 (W.D.N.Y. Mar. 29, 2004) ......................................... 17

*Hines v. Hillside Children's Ctr.*
73 F. Supp. 2d 308, 314 (W.D.N.Y. 1999) ................................................................. 4

*Lieberman v. Gant*
630 F.2d 60 (2d Cir.1980) ................................................................. 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
475 U.S. 574, 586 (1986) ................................................................. 3

*McCoy v. WGN Continental Broadcasting Co.*
957 F.2d 368 (7th Cir.1992) ................................................................. 18

*McDonnell Douglas Corp. v. Green*
411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) ................................................................. 3

*Milord-Francois v. New York State Off. of Medicaid Inspector Gen.*
No. 20-3646-CV, 2022 WL 480477, at *2 (2d Cir. Feb. 17, 2022) ......................................... 4

*Milton v. Weinberger*
696 F.2d 94 (D.C.Cir.1982) ................................................................. 18

*Naumovski v. Norris*
934 F.3d 200 (2d Cir. 2019) ................................................................. 4, 5, 15

*Pignato v. American Trans Air, Inc.*
14 F.3d 342 (7th Cir.1994) ................................................................. 18

*Reyes v. Krasdale Foods, Inc.*
945 F. Supp. 2d 486, 490 (S.D.N.Y. 2013) ................................................................. 3

*Rouse v. City of New York*
No. 08 CV 7419 (HB), 2009 WL 1532054 (S.D.N.Y. June 2, 2009) ......................................... 12

*Sauveur v. Fed'n of Org.*
*No*. 18CV2328AMDSIL, 2019 WL 2994449 (E.D.N.Y. July 9, 2019) ......................................... 7

*Shands v. Lakeland Cent. Sch. Dist.*
No. 15-CV-4260 (KMK), 2018 WL 3315738 (S.D.N.Y. July 5, 2018) ......................................... 17

*Sharpe v. MCI Commc'ns Servs., Inc.*
   684 F. Supp. 2d 394 (S.D.N.Y. 2010) ..................................................... 17

*Szewczyk v. City of New York*
   No. 15-CV-918 (MKB), 2016 WL 3920216, at *6 (E.D.N.Y. July 14, 2016) .......................... 7

*Tapia v. TWC Admin. LLC*
   No. 17-CV-431 (KMK), 2018 WL 5016608, at *11 (S.D.N.Y. Oct. 16, 2018) .................. 9, 10

*Tucker v. New York City*
   376 Fed Appx. 100 (2d Cir. 2010) ......................................................... 12

*Tung Nhu Nguyen v. Dep't of Corrs. & Cmty. Servs.*
   169 F. Supp. 3d 375 (S.D.N.Y. 2016) ................................................... 9, 17

*Wharff v. State Univ. of N.Y.*
   No. 09–4534, 2011 WL 891727 (2d Cir. Mar. 16, 2011) ....................................... 14

*White v. Huntington*
   No. 14-CV-7370 (ST), 2021 WL 826221 (E.D.N.Y. Mar. 4, 2021) ........................... 6

*Wright v. Jewish Child Care Ass'n of N.Y.*
   68 F. Supp.3d 520 (S.D.N.Y. 2014) ....................................................... 18

## **INTRODUCTION**

Now that discovery has been completed in this action, the undisputed evidence makes clear that Plaintiff Tracy Allen's complaint must be dismissed in its entirety.

Plaintiff asserts one claim of employment discrimination, in which Plaintiff contends that, because she is African-American, Defendant decided not recommend her to for the position of Director of the Newburgh Free Library (the "**Newburgh Library**" or "**Library**") the City of Newburgh's public library operated by the Newburgh Enlarged City School District ("**NECSD**"). Plaintiff had first asserted her discrimination claim under Title VII against the NECSD in the Equal Employment Opportunity Commission, but Plaintiff allowed that claim to lapse. She thus brought this action under 42 U.S.C. § 1983 individually against Defendant Dr. Roberto Padilla, who was the Superintendent of the NECSD at the time in question.

Even if Plaintiff can make out a prima facie case of discrimination, the evidence shows that Dr. Padilla had several legitimate non-discriminatory reasons for his decision not to recommend Plaintiff for the Library Director position. And there is patently insufficient evidence on which a jury could find those legitimate reasons are pretext. Under the more stringent "but-for" causation standard applicable to discrimination claims under 42 U.S.C. § 1983, Plaintiff would need to show that her race was "had a determinative influence" in Dr. Padilla's decision, and that Dr. Padilla's legitimate non-discriminatory reasons for his decision were "false or inadequate to support the decision." But in light of the undisputed evidence, Plaintiff cannot show this and a reasonable jury could never find this.

The evidence shows: In November 2020, NECSD Library Personnel Committee interviewed several candidates for the Library Director position and then recommended two "finalists" for the position—Plaintiff Tracy Allen and non-party Mary Lou Carolan, a white

woman, who at the time had been the Assistant Director of the Library for two years. Dr. Padilla initially informed Plaintiff he would be recommending her to the NECSD Board of Education for the Library Director position. But Dr. Padilla then thought he would prefer to recommend both Ms. Allen and Ms. Carolan to be hired as "co-Directors". When Dr. Padilla proposed his co-Director idea to Plaintiff, however, Plaintiff reacted poorly; Plaintiff told Dr. Padilla in a heated telephone call that Plaintiff was opposed to Dr. Padilla's idea, that she thought Dr. Padilla's idea "wouldn't work in a Library," and that she knew Ms. Carolan and did not want to share a directorship with Ms. Carolan. Discouraged by Plaintiff's resistance to his idea and resistance to working with the existing Assistant Director of the Library, Dr. Padilla changed his mind about recommending Plaintiff for the Library Director position, and ultimately recommended the NECSD Board of Education hire Ms. Carolan.

Plaintiff vociferously contends that Ms. Carolan was less qualified for the job, and thus racism must have been at work. But this is nonsense. Ms. Carolan had been the director of two other public libraries for a combined ten years, had been working as the Newburgh Library's Assistant Director for two years, and indeed was acting as the Library's interim Director as the previous director stepped into retirement. The Library Personnel Committee had recommended Ms. Carolan for the job equally alongside Plaintiff. Given Plaintiff's vocal resistance to Dr. Padilla's management ideas and resistance to working alongside Ms. Carolan, Dr. Padilla was perfectly justified in recommending only Carolan for the position.

Based on the undisputed evidence adduced in discovery, no reasonable jury could find for Plaintiff, and her complaint must be dismissed.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material facts and it is clear the moving party is entitled to judgment as a matter of law." *Reyes v. Krasdale Foods, Inc.*, 945 F. Supp. 2d 486, 490 (S.D.N.Y. 2013). For a plaintiff to survive summary judgment, she "must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, she must produce sufficient admissible evidence form which a reasonable factfinder could find in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) Significantly, the "non-movant cannot 'escape summary judgment merely by vaguely asserting the existence of some unspecified dispute material facts,' or defeat the motion through 'mere speculation or conjecture.'" (citation omitted); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49 (1986).

## BUT-FOR CAUSATION ON § 1983 EMPLOYMENT DISCRIMINATION CLAIMS

"Discrimination cases brought under Section 1983 are evaluated under the three-step burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)." *Bellis v. New York City Dep't of Educ.,* No. 21-CV-3282 (JMF), 2024 WL 1177232, at *6 (S.D.N.Y. Mar. 19, 2024).

"First, the plaintiff bears the burden of showing a prima facie case of discrimination. In the employment context that means showing that (1) he was a member of protected class; (2) he was a competent to perform the job in question or was performing the duties satisfactorily; (3) he suffered a materially adverse employment action; and (4) the action occurred under circumstances that give to rise to an inference of discrimination." *Id*. The *prima facie* burden "is

a 'modest one,' but it has substance nevertheless." *Hines v. Hillside Children's Ctr.*, 73 F. Supp. 2d 308, 314 (W.D.N.Y. 1999) (citation omitted).

"Second, after the prima face is satisfied, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Gladwin v. Pozzi*, 403 Fed. Appx. 603, 605 (2d. Cir. 2010).

Third, once such a reason is proffered, the burden shifts back to plaintiff who must prove that a discriminatory reason was the actual reason for the employment action." *Id.* at 606.

Discrimination claims brought pursuant to § 1983 are evaluated under the more stringent standard of "but-for" causation. *See Milord-Francois v. New York State Off. of Medicaid Inspector Gen.,* No. 20-3646-CV, 2022 WL 480477, at *2 (2d Cir. Feb. 17, 2022) ("[W]hen a discrimination claim is based on §1983, a plaintiff must meet a more stringent showing of 'but-for causation'... By contrast, for claims under Title VII and NYSHRL, a plaintiff need meet only the less rigorous 'motivating factor' standard."); *Naumovski v. Norris*, 934 F.3d 200, *214 (2d Cir. 2019) ("courts must account for a § 1983 plaintiff's higher burden of producing evidence from which a jury could infer that the individual's discriminatory intent was a "but-for" cause of the adverse employment action.");

This Court recently contrasted § 1983's "but-for" causation standard against Title VII's more lenient "motivating factor" standard as follows: "While a defendant may be liable under Title VII if race was merely a 'motivating factor' for an adverse employment action, Section 1983 requires a showing of 'but-for' causation. Under the latter standard, a plaintiff must show that 'the employee's protected trait actually played a role' and *'had a determinative influence'* in the employer's decision-making process." *Chislett v. New York City Dep't of Educ.*, No. 1:21-

CV-09650 (JLR), 2024 WL 1118852, at *7 (S.D.N.Y. Mar. 14, 2024) (internal citations to *Naumovski v. Norris* omitted; italics added).

This Court in *Chislett* went on to explain: "This distinction reveals itself at the third step of the McDonnell Douglas analysis. To establish 'pretext' under Title VII, a plaintiff need only prove that the employer's stated non-discriminatory reason was not the exclusive reason for the adverse employment action. By contrast, to establish 'pretext' under § 1983, a plaintiff must establish that the employer's stated reason would not, alone, constitute a sufficient basis for pursuing an adverse action. In other words, a § 1983 plaintiff must establish that the employer's stated non-discriminatory reason *is either false or inadequate to support the adverse employment action*." *Id.* at 215 (internal citations omitted; italics added).

"[A] § 1983 plaintiff's burden at the third stage of the McDonnell Douglas analysis is not simply to establish that discrimination played some role in her termination, but that it played *a decisive role*." *Naumovski*, 934 F.3d at 217 (italics added).

A plaintiff "is not entitled to a trial simply because the determinative issue focuses upon the defendant's state of mind … He or she must provide 'concrete evidence from which a reasonable juror could return a verdict in his or her favor.'" *Antunes v. Putnam/N. Westchester Bd. of Co-op. Educ. Servs.*, No. 09-CV-3063 CS, 2011 WL 1990872, at *4 (S.D.N.Y. May 19, 2011), aff'd sub nom. *Antunes v. Putnam N. Westchester Bd. of Co-op. Educ. Servs.*, 482 F. App'x 661 (2d Cir. 2012). Indeed, "it is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases." *Id.*

## STATEMENT OF FACTS

The facts pertinent to this motion are set forth in Defendant Padilla's Rule 561. Statement of Material Facts, the declaration of Dr. Padilla, and the declaration of Matthew Heerde.

## ARGUMENT

### I. PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE OF DISCRIMINATION.

#### A. Plaintiff Cannot Establish Circumstances Giving Rise to an Inference of Discrimination, Because Carolan was Just as Qualified as Plaintiff.

Plaintiff cannot make out the fourth element necessary to establish a prima facie case, because Dr. Padilla's decision not to recommend Plaintiff to the Board of Education did not occur under "circumstances that give rise to an inference of discrimination."

In failure to hire cases, a plaintiff establishes an inference of discrimination by showing that plaintiff's qualifications for the position are so superior to the candidate actually selected, that no reasonable person could have chosen the selected candidate. "In the failure to hire context, ... to raise an inference of discrimination based upon comparative qualifications for a position, the plaintiff's credentials must be so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Bellis v. New York City Dep't of Educ.*, No. 21-CV-3282 (JMF), 2024 WL 1177232, at *7 (S.D.N.Y. Mar. 19, 2024); *see also White v. Huntington,* No. 14-CV-7370 (ST), 2021 WL 826221, at *7 (E.D.N.Y. Mar. 4, 2021) ("In the failure to hire context, an employer's choice of a less qualified employee, not from the plaintiff's protected class raises an inference of discrimination sufficient to establish a prima facie case of discrimination."); *Szewczyk v. City of New York*, No. 15-CV-918 (MKB), 2016 WL 3920216, at *6 (E.D.N.Y. July 14, 2016) ("In the failure to hire context, 'an employer's choice of

a less qualified employee not from plaintiff's protected class raises an inference of discrimination sufficient to establish a prima facie case of discrimination.'"); *Sauveur v. Fed'n of Org., No*. 18CV2328AMDSIL, 2019 WL 2994449, at *5 (E.D.N.Y. July 9, 2019) ("In the failure to hire context, 'an employer's choice of a less qualified employee not from plaintiff's protected class raises an inference of discrimination sufficient to establish a prima facie case of discrimination.")

"When a decision to hire ... one person rather than another is reasonably attributable to an honest even though partially subjective evaluation of their qualifications, no inference of discrimination can be drawn." *Lieberman v. Gant*, 630 F.2d 60, 67 (2d Cir.1980).

All the evidence makes clear that Ms. Carolan was just as qualified as Plaintiff, if not moreso. In November 2020, when Dr. Padilla reviewed Ms. Carolan's and Plaintiff's applications for the Library Director position, Ms. Carolan had been serving as Assistant Director at the Newburgh Library for two years, and was indeed acting as interim Director, as the existing Director Chuck Thomas transitioned into retirement. SMF ¶¶ 6, 7. Carolan also had been the director of the Wallkill and Cornwall public libraries for a combined ten years. SMF ¶ 10. Ms. Carolan had included seven letters of recommendation with her application, including from including from Senator James Skoufis of the 99th Senatorial District of the State of New York and Representative Sean Patrick Malon from the 18th District of New York. SMF ¶ 10. Ms. Carolan had led an initiative to bring a commemorative statue of Harriet Tubman to be displayed outside the Library in conjunction with community programming focusing on Black history. SMF ¶ 21.

Additionally, Ms. Carolan had an additional educational degree that that Ms. Allen did not. Ms. Carolan, in addition to having all the degrees that Ms. Allen had, also held a Public Librarian's Professional Certificate. SMF ¶ 10. Ms. Carolan had also been featured as a speaker

at numerous librarian conferences, published various pieces of work pertaining to the administration of libraries, and had been the winner of various awards for her work. SMF ¶ 10. Ms. Allen, too, had considerable relevant experience, but in fact had fewer years of experience serving as director of public libraries. Ms. Allen's resume did not indicate any speaking engagements, awards or publications.

Accordingly, even though a plaintiff's burden to establish a prima facie case is not a heavy burden, Ms. Allen cannot meet this burden, because it is clear that Plaintiff's qualifications for the Library Director position were not so superior to Ms. Carolan's qualifications. It was entirely reasonable for Defendant to have chosen to recommend Ms. Carolan for the Library Director position based on Ms. Carolan's excellent qualifications.

### B. The Same-Actor Defense Negates Any Inference of Discrimination.

"When the same actor hires a person already within the protected class, and then later fires that same person, 'it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire.'" *Carlton v. Mystic Transp., Inc*., 2020 F.3d 129, 137 (2d Cir. 2000). "[W]hen the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire. This is especially so when the firing has occurred only a short time after the hiring." *Grady v. Affiliated Cent., Inc*., 130 F.3d 553, 560 (2d Cir. 1997)

Here, Dr. Padilla initially decided that he would recommend Plaintiff for the position. This tends to negate any conclusion that Dr. Padilla's ultimate decision not to recommend Plaintiff to the Board was motivated by improper racial animus.

Indeed, Dr. Padilla persisted in his decision to recommend Plaintiff to the Board of Education for hiring, and pursued that decision when he suggested to Plaintiff the idea of a co-Director arrangement.

It would defy common sense to conclude that Dr. Padilla's ultimate decision not to recommend Plaintiff was racially discriminatory, when just days before, Padilla had decided to recommend Plaintiff for the Library Director position and had further pursued her as a potential co-Director. No reasonable person could conclude that within just a few days, Dr. Padilla developed animus against Plaintiff because of her race.

**C.  Plaintiff's Subjective Belief That she was More Qualified Than Carolan Does not Create an Inference of Discrimination.**

Plaintiff herself has acknowledged that the only reason she alleges race discrimination is that she (incorrectly) believes she was more qualified than Ms. Carolan. But Plaintiff's subjective belief carries no weight in adjudicating her claim.

Plaintiff's "subjective belief that she was discriminated against, [] is not enough to make out a prima facie discrimination case." *Tapia v. TWC Admin. LLC*, No. 17-CV-431 (KMK), 2018 WL 5016608, at *11 (S.D.N.Y. Oct. 16, 2018). "A plaintiff's 'opinion about his own qualifications does not suffice to give to an issue of fact about whether he was discriminated against, and that is particularly true where the employers' decision whether to promote [the employee] did not depend simply on whether he was qualified, but on whether he was the best candidate for the job." *Tung Nhu Nguyen v. Dep't of Corrs. & Cmty. Servs.*, 169 F. Supp. 3d 375, *390 (S.D.N.Y. 2016).

In her deposition, Plaintiff explained her flimsy rationale for asserting racial discrimination:

Q. Your sole basis for alleging racial discrimination in the hiring process for the position at Newburgh that you think Mr. Carolan is less qualified than you?

[Objection]

A.      I think she is less qualified than I am and I can't find any other reason why I would not have been given that position.

(Allen Dep: 93:8 – 17)

Courts have consistently held that that when discriminatory claims are premised on nothing more than conclusory statements, summary judgment is appropriate.  See *Tapia v. TWC Admin. LLC,* No. 17-CV-431 (KMK), 2018 WL 5016608, at *10 (S.D.N.Y. Oct. 16, 2018) (finding that in "the absence of any evidence supporting an inference of discrimination, there is simply no basis in the record for a reasonable factfinder to conclude that Plaintiff was not promoted because of any discriminatory animus.); *Gibbs v. Metro. Transp. Auth.,* No. 13-CV-1583 ILG RER, 2014 WL 5842833, at *5 (E.D.N.Y. Nov. 12, 2014) ("plaintiff has shown nothing more than his own subjective belief that he was discriminated against, which is not enough to make out a prima facie discrimination case under Title VII").

## II.    DR. PADILLA HAS ESTABLISHED LEGITIMATE, NON-DISCRIMINATORY REASONS FOR NOT RECOMMENDING PLAINTIFF TO THE BOARD OF EDUCATION.

Even if the Court were to find Plaintiff has established a prima facie case, which the Court should not do, Defendant Padilla has established multiple legitimate non-discriminatory reasons for his choice to recommend only Ms. Carolan for the position.  To wit: Plaintiff rejected Padilla's idea for co-directors and was argumentative with Padilla on the phone; Plaintiff told Padilla and his staff that she did not want to work with the Library's existing Assistant Director Mary Lou Carolan; the Library Personnel Committee had recommended Mary Lou Carolan

equally as much as the Committee had recommended Allen; and Mary Lou Carolan had an established track record in the Newburgh Library and immense support in the local community.

**A.** **Plaintiff was Vociferous About her Opposition to Dr. Padilla's Idea for Library Co-Directors, Whereas Ms. Carolan was Open to the Idea.**

Plaintiff's opposition to Dr. Padilla's idea of a co-directorship deterred Dr. Padilla from wanting to recommend her for hire. Ms. Allen herself acknowledged how excited Dr. Padilla was about the co-directorship, and admitted that during a phone conversation, Dr. Padilla explained to Plaintiff that he wanted someone who was going to be "enthusiastic" about the idea. SMF ¶ 39. In her deposition, Plaintiff repeatedly confirmed that, during her conversations with Mr. McLymore and Dr. Padilla, she completely rejected the idea of a co-directorship. SMF ¶¶ 28 - 34.

Q. What did you say to Mr. McLymore in response to his inquiry?

A. I told him I didn't think co-directors work in libraries. I didn't think libraries were big enough to have to two directors and people to know who is charge of the building.

(Allen Dep: 47:3-9)

Later in the deposition of Plaintiff, Plaintiff confirmed that she had denigrated Dr. Padilla's idea to him on the phone:

Q. What did you tell Mr. Padilla?

A. That the library needs one director, the same thing I told Mr. McLymore. That I thought that wouldn't work and that I thought that libraries were too small of a community to have two leaders." (Allen Depo. 58:22 – 59:4.)

…

Q. When Mr. Padilla said to you I heard you don't like my idea, was he right?

A. Was he right -- yes, he was right.  (Allen Depo. 59:11-14.)

…

A. Yes. So I explained to him why I thought it wouldn't work.  He said well, I have a vision, you would do this part and this person would do that part.  (Allen Depo. 59:22-23.)

Ms. Allen was argumentative with Dr. Padilla about his co-Directors idea.  SMF ¶ 31.

On the other hand, Ms. Carolan was open to the ide, and said as much to Mr. McLymore and to Dr. Padilla.  SMF ¶¶ 25, 26.

Ms. Allen's poor reaction to Dr. Padilla's suggestion of a co-Director idea was a legitimate non-discriminatory reason for ultimately deciding against recommending Plaintiff for hire.  Courts have recognized that a company's decision not to hire a candidate because of the impression an individual makes during an interview is a legitimate nondiscriminatory reason. *Tucker v. New York City*, 376 Fed Appx. 100, 102 (2d Cir. 2010).  *See Coppin v. New York City Hous. Auth.,* No. 14 CIV. 7032 (KPF), 2016 WL 3190253, at *8 (S.D.N.Y. June 7, 2016) (acknowledging that the Defendant's explanation that they hired another candidate over Plaintiff because the other candidate performed better during the interview was a non-discriminatory reason).  In *Coppin*, the plaintiff's answer to certain interview questions caused the Defendant concern as to how well he would do working with others.  *Id; see also Rouse v. City of New York,* No. 08 CV 7419 (HB), 2009 WL 1532054, at *8 (S.D.N.Y. June 2, 2009) (recognizing that the plaintiff's demeanor and plaintiff's stated preferences regarding his job were both nondiscriminatory reasons).

**B. Plaintiff Told Dr. Padilla as well as Mr. McLymore That Plaintiff did not Want to Work Alongside the Existing Assistant Director, Mary Lou Carolan.**

Plaintiff's resistance to working with Ms. Carolan was problematic and also dissuaded Dr. Padilla from wanting to recommend Plaintiff for hire. It was entirely reasonable for Dr. Padilla to be concerned that a candidate for Library Director had expressed resistance to working with the existing Assistant Director.

Plaintiff informed both Mr. McLymore as well as Dr. Padilla that she did not want to work alongside Ms. Carolan, then the Assistant Director of the Newburgh Library, and its acting Director while Chuck Thomas was stepping down. SMF ¶¶ 30, 35.

It is a perfectly reasonable justification to not recommend for hire a person who expresses resistance to working with existing personnel. Ms. Carolan had been the Assisant Director of the Newburgh Library since 2018 and had already been implementing her own leadership initiatives as Chuck Thomas was stepping down. SMF ¶¶ 6, 7. When Plaintiff explicitly told Dr. Padilla and Assistant Superintendent for Human Resources Michael McLymore that Plainitff was opposed to working alongside Carolan, Dr. Padilla was justified in re-thinking his initial decision to recommend Plaintiff for hire. Hiring Plaintiff to work alongside-or even to work above—Ms. Carolan would have presented an unreasonable risk Library human resources.

**C. Dr. Padilla Simply Chose one of the two Candidates Whom The Committee had Recommended Equally.**

The Library Personnel Committee had recommended *both* Plaintiff and Ms. Carolan for the position, equally. SMF ¶¶ 11, 12. The Committee's report listed both Plaintiff and Carolan as the two finalists after the interview process.[1] SMF ¶ 12. Thus, after initially informing

---

[1] Notably, in her deposition, Plaintiff testified that she believed (incorrectly) that only she had been recommended by the Personnel Committee. Allen Depo. 33:6-10; SMF ¶¶ 11, 12.

Plaintiff he would be recommending her to the Board for Library Director, Dr. Padilla decided that rather than have one director, he wanted to have two directors. SMF ¶ 17. In initially trying to decide between Ms. Allen and Ms. Carolan, Dr. Padilla realized that they both had strengths and wanted to capitalize on having two good candidates. SMF ¶ 17, 19, 20, 21, 23. Dr. Padilla was well familiar with Ms. Carolan's work as she had been the assistant director for two years and had been acting director since Mr. Thomas left the position. SMF ¶ 6, 7.

Ultimately, when Dr. Padilla decided not to recommend Plaintiff and decided to recommend Ms. Carolan, Dr. Padilla only chose one of the two candidates that the Library Personnel Committee had recommended equally.

### D. Ms. Carolan had Established a Record of Success in her two Years as Assistant Director and as acting interim Director of the Newburgh Library.

Dr. Padilla wanted to recommend Ms. Carolan for hire not only because of her great work for the community, but also because she would be bring continuity, efficiency, and community support. SMF ¶¶ 20, 21. Ms. Carolan had recently succeeded in an initiative to bring a commemorative statue of Harriet Tubman to be displayed outside the Newburgh Library, in conjunction with programming featuring lectures and other community events. Ms. Carolan had strong ties in the local community, as evidenced by her numerous recommendation letters. SMF ¶ 10. Ms. Carolan had already been assuming the duties of Director while Chuck Thomas was stepping down. SMF ¶¶ 6, 7.

Hiring from within an organization is a legitimate non-discriminatory reason for favoring one job candidate over another. *See, e.g., Wharff v. State Univ. of N.Y.*, No. 09–4534, 2011 WL 891727, at *1 (2d Cir. Mar. 16, 2011) (promotion of "employees [that] had previously assumed many of the responsibilities of the supervisors they replaced, and had succeeded in those new roles before being recommended for and receiving their promotions" was legitimate,

14

nondiscriminatory reason for failing to promote plaintiff that did not demonstrate similar experience); *Findlay v. Reynolds Metals Co* ., 82 F.Supp.2d 27, 40 (N.D.N.Y.2000) ("preference awarded to another employee who, unlike Plaintiff, was a member of the department offering the [promotion]" was legitimate, nondiscriminatory reason for failing to promote plaintiff).

### III. PLAINTIFF CANNOT SHOW THAT DR. PADILLA'S REASONS FOR NOT RECOMMENDING PLAINTIFF FOR HIRING WERE PRETEXTUAL.

There is nothing in the record that would allow a reasonable jury to find that the numerous legitimate non-discriminatory reasons for Dr. Padilla's decision are mere pretext. To establish pretext as a plaintiff under 42 U.S.C. § 1983, Plaintiff would need to show that race "played a decisive role" in Dr. Padilla's decision. *See Naumovski v. Norris*, 934 F.3d at 217. But there is simply no evidence of this. There is copious evidence justifying Dr. Padilla's decision to recommend only Mary Lou Carolan for the Library Director position. But there is no evidence of any racial animus by Dr. Padilla.

Because she brings her claim under 42 U.S.C § 1983, Ms. Allen must satisfy the more stringent "but-for" causation standard. "[A] § 1983 plaintiff's burden at the third stage of the McDonnell Douglas analysis is not simply to establish that discrimination played some role in her termination, but that it played *a decisive role*." *Naumovski*, 934 F.3d at 217 (italics added). In other words, a § 1983 plaintiff must establish that the employer's stated non-discriminatory reason *is either false or inadequate to support the adverse employment action*." *Id.* at 215 (internal citations omitted; italics added). A § 1983 plaintiff must show that "'the employee's protected trait actually played a role' and 'had a determinative influence' in the employer's decision-making process." *Chislett v. New York City Dep't of Educ.*, *supra*, at *7.

Here, there is no evidence that Ms. Allen's race played any role in Dr. Padilla's decision-making process, much less played a "decisive role."

**A.  There is no Evidence that Plaintiff's Race or Ms. Carolan's Race was Mentioned During the Hiring Process.**

No one mentioned Ms. Allen's race during the hiring process.  SMF ¶ 49.  Dr. Padilla made his reasoning clear to Plaintiff while he spoke to her on the phone.  SMF ¶ 39.  Dr. Padilla has also made clear in his declaration that race had nothing to do with his decision.  SMF ¶ 40. No evidence has been submitted that anyone mentioned Ms. Carolan's race during the hiring process.

**B.  Neither Plaintiff nor the Court are not Permitted to Second-Guess Legitimate Executive Decision-Making.**

Indeed, Ms. Allen's assertion that her qualifications are superior to Ms. Carolan, such an assertion is insufficient to establish a claim of discrimination.  See *Bellis v. New York City Dep't of Educ.,* No. 21-CV-3282 (JMF), 2024 WL 1177232, at *7 (S.D.N.Y. Mar. 19, 2024) ("even if Bellis' subjective view of his own qualifications relative to the other candidates were cognizable (and accurate), that would not be enough to carry his burden at the third step of the McDonnell Douglas framework.")

In *Byrnie v. Town of Cromwell Bd. Of Educ.*, 243 F.3d 93 (2d Cir. 2001), the Court explained the heavy burden that is involved on the plaintiff when the plaintiff's discrimination case rests entirely on the premise that she is more qualified than the chosen candidate.

> When a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer, that discrepancy must bear the entire burden of allowing a reasonable trier of fact to not only conclude the employer's explanation was pretextual, but that the pretext served to mask unlawful discrimination. In effect, the plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." … Byrnie's credentials on their own could not meet this weighty burden. While he was well-qualified for the art teacher position, we cannot say that Mancarella was unqualified or that Cromwell was unreasonable in electing to

offer her the position in light of a comparison of her paper credentials with Byrnie's. *Id*. At 1033.

Plaintiff's belief as to her credentials as compared to Ms. Carolan is insufficient to sustain a claim of discrimination. See *Shands v. Lakeland Cent. Sch. Dist.,* No. 15-CV-4260 (KMK), 2018 WL 3315738, at *17 (S.D.N.Y. July 5, 2018), aff'd, 771 F. App'x 121 (2d Cir. 2019) (finding that Plaintiff's belief that the Caucasian male who was hired was less experienced than her was "insufficient to show that Defendant's proffered reasons were a pretext for…discrimination); See *Tung Nhu Nguyen v. Dep't of Corrs. & Cmty. Servs*., 169 F. Supp. 3d 375, 394 (S.D.N.Y. 2016) (concluding that plaintiff's belief that he "had greater experience" or "more seniority" than the other candidate was insufficient to rebut Defendant's non-discriminatory reason).

Courts have also consistently acknowledged that it is not the role of the courts to "sit as a super-personnel department that reexamines an entity's business decisions." *Delaney v. Bank of Am. Corp*., 766 F.3d 163, 169 (2d Cir. 2014).

Employers enjoy "unfettered discretion to choose among qualified candidates." *Sharpe v. MCI Commc'ns Servs., Inc.*, 684 F. Supp. 2d 394, 405 (S.D.N.Y. 2010); *see also Gray v. New York State Elec. & Gas*, No. 02-CV-6214, 2004 WL 1570260, at *4 (W.D.N.Y. Mar. 29, 2004) ("As the Second Circuit has observed, 'the court must respect the employer's unfettered discretion to chose among qualified candidates,' and its 'role is to prevent unlawful hiring practices, not to act as a 'super personnel department' that second guesses employers' business judgments.'") (citing *Byrnie v. Town of Cromwell*, Bd. Educ., 243 F.3d 93, 103 (2d 2001).

Plaintiff has asserted a theory that Dr. Padilla made up the idea of co-Directors as some elaborate ruse to manufacture a reason to reject Plaintiff's candidacy. This too, is nonsense. Faced with the choice of two well-qualified candidates, and aware that the NECSD already used

a model of co-administrators, Dr. Padilla sought to put as much talent as he could in charge of the Library.  SMF ¶¶ 20, 21, 23, 33.  The weakness of this theory is corroborated by the fact that Plaintiff did not bother to propound any written discovery requests in this action.  She knew she would find no evidence of her flimsy theory.

### C. Dr. Padilla's History of Diverse Hiring Recommendations Refutes Any Finding of Racial Animus.

Notably, during his tenure as Superintendent, Dr. Padilla recommended the Newburgh Board of Education hire or promote over 15 black administrators and many more black teachers. SMF ¶ 50. The numbers of black candidates that Dr. Padilla recommended during his tenure further refutes any contention that racial animus caused Dr. Padilla's decision not to recommend Allen to the Board of Education.  See *Adeniji v. New York,* 557 F. Supp. 3d 413, 423, 437 (S.D.N.Y. 2021) (recognizing that Defendant's prior history of hiring those from the protected class can negate any type of discriminatory inference).  "Courts have found that a showing that a workplace contains 'substantial racial diversity among the employees comparable to Plaintiff [can] negate any inference of discrimination that otherwise might have been created." *Wright v. Jewish Child Care Ass'n of N.Y.*, 68 F. Supp.3d 520, 527 (S.D.N.Y. 2014).

Even if a court suspects that a job applicant "was victimized by [ ] poor selection procedures" it may not "second-guess an employer's personnel decision absent demonstrably discriminatory motive." *Milton v. Weinberger*, 696 F.2d 94, 100 (D.C.Cir.1982). Once the employer has articulated a non-discriminatory explanation for its action, as did the District here, the issue is not "the correctness or desirability of [the] reasons offered ... [but] whether the employer honestly believes in the reasons it offers." *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 373 (7th Cir.1992). See also *Pignato v. American Trans Air, Inc.*, 14 F.3d 342, 349 (7th Cir.1994) ("It is not enough for the plaintiff to show that a reason given for a job

action is not just, or fair, or sensible. He must show that the explanation given is a phony reason"). *Fischbach v. D.C. Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C. Cir. 1996), as amended on denial of reh'g (July 15, 1996)

## **CONCLUSION**

For the reasons stated above, the Court should grant Dr. Padilla's motion for summary judgment and dismiss Plaintiff's sole claim for discrimination under 42 U.S.C §1983.

Dated:  May 20, 2024               HEERDE LAW PLLC
      New York, New York

                                  _____

                                  Matthew C. Heerde, Esq.
                                  48 Wall Street
                                  New York, NY 10005
                                  Tel: 347-460-3588
                                  Fax: 347-535-3588
                                  Email: mheerde@heerdelaw.com
                                  *Attorneys for defendant Roberto Padilla*